UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sherry Ann Lizotte,
    Claimant

        v.                           Case No. 20-cv-213-SM
                                     Opinion No. 2020 DNH 185

Andrew Saul, Commissioner,
Social Security Administration,
    Defendant

**O R D E R**

Pursuant to 42 U.S.C. § 405(g), claimant, Sherry Ann Lizotte, moves to reverse or vacate the Commissioner's decision denying her application for Disability Insurance Benefits under Title II of the Social Security Act.  See 42 U.S.C. § 423 (the "Act").  The Commissioner objects and moves for an order affirming his decision.

For the reasons discussed, claimant's motion is denied, and the Commissioner's motion is granted.

**Factual Background**

I.   Procedural History.

In June of 2018, claimant filed an application for Disability Insurance Benefits ("DIB"), alleging that she was

disabled and had been unable to work since June 4, 2018.  She
was 51 years old at the time and had acquired sufficient
quarters of coverage to remain insured through December of 2022.
Her application was denied and she requested a hearing before an
Administrative Law Judge ("ALJ").

In January of 2019, claimant, her attorney, and an
impartial vocational expert appeared before an ALJ, who
considered claimant's application de novo.  Three weeks later,
the ALJ issued his written decision, concluding that claimant
was not disabled, as that term is defined in the Act, at any
time prior to the date of his decision.  Claimant then requested
review by the Appeals Council.  That request was denied.
Accordingly, the ALJ's denial of claimant's application for
benefits became the final decision of the Commissioner, subject
to judicial review.  Subsequently, claimant filed a timely
action in this court, asserting that the ALJ's decision is not
supported by substantial evidence.

Claimant then filed a Motion for Order Reversing Decision
of the Commissioner (document no. 4).  In response, the
Commissioner filed a Motion for an Order Affirming the
Commissioner's Decision (document no. 7).  Those motions are
pending.

II.  <u>Factual Background</u>.

A brief factual background can be found in claimant's statement of facts (document no. 4-1).  Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.  "<u>Substantial Evidence" and Deferential Review</u>.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence.  <u>See</u> 42 U.S.C. § 405(g).  <u>See also</u> <u>Irlanda Ortiz v. Secretary of Health & Human Services</u>, 955 F.2d 765, 769 (1st Cir. 1991).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938).  Importantly, then, it is something less than a preponderance of the evidence.  So, the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.  <u>See</u> <u>Consolo v. Federal Maritime</u>

Comm'n., 383 U.S. 607, 620 (1966).  See also Richardson v.

Perales, 402 U.S. 389, 401 (1971).


II.  The Parties' Respective Burdens.

An individual seeking DIB benefits is disabled under the

Act if he or she is unable "to engage in any substantial gainful

activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous

period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

There are, then, both "severity" and "durational" requirements

that must be met in order to qualify for benefits.


The Act places a heavy initial burden on the claimant to

establish the existence of a disabling impairment.  See Bowen v.

Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of

Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991).  To

satisfy that burden, the claimant must prove, by a preponderance

of the evidence, that her impairment prevents her from

performing her former type of work.  See Manso-Pizarro v.

Secretary of Health & Human Services, 76 F.3d 15, 17 (1st Cir.

1996); Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985).  If

the claimant demonstrates an inability to perform her previous

work, the burden shifts to the Commissioner to show that there

4

are other jobs in the national economy that she can perform, in light of her age, education, and prior work experience.  See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982).  See also 20 C.F.R. §§ 404.1512 and 404.1560.

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the claimant's testimony or that of other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6 (1st Cir. 1982).  Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of
> such severity that [she] is not only unable to do
> [her] previous work but cannot, considering [her] age,
> education, and work experience, engage in any other
> kind of substantial gainful work which exists in the
> national economy, regardless of whether such work
> exists in the immediate area in which [she] lives, or
> whether a specific job vacancy exists for [her], or
> whether [she] would be hired if [she] applied for
> work.

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm his decision.

## Background - The ALJ's Findings

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  See generally Barnhart v. Thomas, 540 U.S. 20, 24 (2003).  Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since her alleged onset of disability: June 4, 2018.  Admin. Rec. at 13.  Next, he concluded that claimant suffers from the following medically determinable impairments: migraine headaches, depression, anxiety, and post-traumatic stress disorder.  Id.  But, he also concluded that those impairments, whether considered separately or in combination, do not significantly limit her ability to perform basic work-related activities (nor could those impairments be expected to significantly limit her abilities for twelve consecutive months).  Id. at 13-17.  Thus, at step two of the sequential analysis, the ALJ concluded that "claimant does not have a severe impairment or combination of impairments."  Id. at 17.  That finding, in turn, dictated the ALJ's determination that claimant was not "disabled," as that

term is defined in the Act, from June 4, 2018, through the date
of his decision (January 30, 2019).

### Discussion

Claimant challenges the ALJ's conclusion that she has no
impairments, or combination of impairments, that are "severe."
The problem with analyzing claimant's argument is that she has
submitted to the court three distinct "categories" of evidence
in support of her argument:

    (a)  evidence that was properly before, and considered
         by, the ALJ (although that evidence is quite
         limited)[1]; and

    (b)  evidence that was not before the ALJ but was
         presented to the Appeals Council; and

    (c)  evidence first presented to this court.

Adding to the confusion, claimant points to evidence submitted
with, and conclusions reached during, her subsequent application
for disability benefits – that is, a Disability Determination
Explanation issued in April of 2020 (i.e., more than a year
after the ALJ decision at issue in this case).  See generally
Claimant's Reply Memorandum (document no. 9).  In total,

---

[1]  The ALJ recognized that the record before him was
comparatively sparse and, at the hearing, asked: "Counsel, do we
have all the medical records?  We only have 166 pages and three
documents?"  Counsel responded, "Yes, Your Honor, that is all of
the medical records . . .."  Admin. Rec. at 43.

claimant has submitted more than 80 pages of documents she claims support her application for DIB, but which were never presented to the ALJ.[2]

When a claimant limits her argument to the assertion that the ALJ's determination is not supported by substantial evidence in the record that was actually before him, resolution of her appeal is governed by the traditional standard set forth above and in 42 U.S.C. § 405(g).  That is to say, if the court concludes that the ALJ's decision was not supported by substantial evidence, it may modify, reverse, or vacate that decision, with or without remanding the case for further hearing.  But, when a claimant's argument relies upon evidence first presented to the Appeals Council, this court's review becomes even more limited and deferential.

First, such evidence may not be used to undermine the ALJ's decision; the ALJ's disability determination is reviewed based solely upon evidence that was actually before the ALJ.  See

---

[2]    Parenthetically, the court notes that claimant filed a new application for benefits within six months of the Appeals Council's denial of her original request for review.  As a result, March 4, 2019, will be used as the date of her new claim.  See Admin. Rec. at 2.  So, at issue in this case is the denial of DIB benefits for the nine-month period between June 4, 2018 (alleged onset), and March 3, 2019.

generally <u>Mills v. Apfel</u>, 244 F.3d 1 (1st Cir. 2001).  Instead,
the question before the court becomes: (a) whether claimant has
shown good cause for not having produced such evidence earlier,
and (b) whether, based upon that new evidence, the Appeals
Council gave "an egregiously mistaken ground for [its] action" –
that is, its decision not to accept claimant's appeal.  <u>Id</u>. at
5.  <u>See also</u> 20 C.F.R. § 404.970(b).  Finally, if a claimant
bases her argument upon evidence first presented to this court,
she bears an additional burden.  She must demonstrate that such
evidence is both "new" and "material," and she must show good
cause for her failure to incorporate that evidence into the
record earlier.  <u>See, e.g.</u>, <u>Poirier v. Colvin</u>, No. 14-CV-242-LM,
2015 WL 786970, at *2 (D.N.H. Feb. 25, 2015).  If she were to
carry that substantial burden, the court could remand the matter
under Sentence Six of section 405(g) (rather than the more
typical Sentence Four remand).

     Here, however, claimant does not seek remand under Sentence
Six.  Nor does she assert that the Appeals Council gave an
egregiously mistaken ground for declining to take her appeal.
Nor does she argue that there was good cause for her failure to
present the new evidence earlier in the proceedings.  Instead,
her entire argument is based upon the claim that the ALJ's
decision is not supported by substantial evidence.  Accordingly,

the court will limit its attention to that argument.
Necessarily, then, the court must also limit its review to the
evidence that was properly before the ALJ when he rendered his
decision.

I.    Migraines.

Claimant first challenges the ALJ's determination that her
migraines were not a severe impairment.  A "severe" impairment
(or combination of impairments) is one "which significantly
limits [the claimant's] physical or mental ability to do basic
work activities."  20 C.F.R. § 404.1520(c).

After reviewing the record evidence, the ALJ concluded that
while claimant certainly does suffer from migraines, there was
insufficient evidence to suggest that they would significantly
limit her physical or mental ability to do basic work
activities.  Admin. Rec. at 15 ("there is no objective evidence
that the claimant would be significantly limited by her
migraines or mental health conditions.").  In reaching that
conclusion, the ALJ relied upon the opinions of Stephen
Kleinman, MD, and Larry Xanthopoulos, MD, the non-examining
state agency physicians, noting that:

        The medical evidence of record does not support the
        claimant having a severe impairment of 12 months

duration since her alleged onset date.  The state
agency medical consultant found as much at initial
determination in July 2018.  Dr. Stephen Kleinman, MD,
noted that despite the claimant's psychiatric history
and history of migraines, neurology visit on June 21,
2017 showed she allegedly was seen at emergent care
the day prior for migraine and during the visit she
stated she only had 2 migraines a year and that
treatment with medication Amitryptaline was working
well on her symptoms.  There were no other
neurological visits in the medial evidence of record
or other emergent care visits, as well.  Although the
record documents history of episodic mood instability
and intermittent depressive episodes with the
claimant's primary care at Coos County Family Health
Services, Dr. Kleinman projected those episodic and
intermittent symptoms as non-severe within 12 months
of alleged onset.  Under the circumstance of that
evidence, the record supports no severe impairment.

Admin. Rec. at 15.  See also Id. at 67, Disability Determination

Explanation ("claimant is a 51 y/o female with significant

psychiatric history and history of migraines.  Neurology visit

6/21/17 shows she allegedly was seen in ED the day prior for

migraine.  Now feels fine.  During visit states only has 2

migraines a year.  Amitryptaline working well.  Neurology adds

Vitamin B.  There are no other neuro visits in the medical

record or other ER visits.  The medical evidence of record

supports NSI [no severe impairment].").


Indeed, on the day following her alleged onset of

disability, claimant had an office visit with her counselor,

Clint Emmett, APRN.  Nurse Emmett reported that claimant:

denies any major exacerbation in mood or behavioral
problems.  She states she is less stressed, less
anxious, and less worried.  She is concerned about
money and finances, but also notes that she has money
saved and can be without work for 5 years if she uses
this well.  She is stable on current
medications.

She denies recent neurologic, respiratory,
cardiovascular, GI, endocrine, genitourinary, or
musculoskeletal symptoms.  She also denies fever,
<u>headache</u>, malaise, gastric upset, dizziness,
difficulty breathing, or visual problems.

Admin. Rec. at 299, Notes of Office Visit, June 5, 2018

(emphasis supplied).  <u>See also</u> <u>Id</u>. at 354 (same; Office Notes

from July 10, 2018); 323 (same; Office Notes from August 24,

2018).

    In support of her argument that the ALJ's determination is

not supported by substantial evidence, claimant points to two

pieces of evidence in the record.  <u>See</u> Claimant's Memorandum

(document no. 4-2) at 10.  First, she says in May of 2018, she

reported to a medical provider that she was having headaches

more frequently at work.  Admin. Rec. at 291.  She also points

to the notation in "various treatment notes" (without citation)

to "FH Migraine."  She explains that "the term refers to

'familial hemiplegic' and is a form of migraine headache that

run[s] in families."  Plaintiff's Memorandum (document no. 4-2)

at 10.  She then concludes by asserting that,

> The record demonstrates plaintiff did have several
> problems with migraines subsequent to June 21, 2017,
> the date of the treatment note the Decision relies
> upon to find plaintiff's migraines non-severe.
> Migraines were a significant problem, along with all
> her other medical problems which combined to make it
> difficult for her to maintain full-time work schedule.
> Therefore, the finding plaintiff's migraines were non-
> severe was not based on substantial evidence.

Id. The court disagrees.  First, no one denies that claimant
suffers from migraines.  That her medical records note a
familial history of migraines is of minimal persuasive value.
It does not speak clearly to the nature and potentially
disabling effect of her migraines.  Also of minimal persuasive
value is the fact that claimant reported that she was having
"more frequent" headaches at work before her alleged onset of
disability – particularly when office notes from the period
during her alleged disability document that she denied any
headaches.  The remaining evidence on which claimant relies was
not presented to the ALJ and, therefore, cannot be used to
undermine his decision.

Based upon the evidence properly before the ALJ, his
determination that claimant's migraines do not constitute a
severe impairment is supported by substantial evidence.

II.   <u>Mental Impairments</u>.

Next, claimant challenges the ALJ's finding that her mental impairments were not "severe" – that is, that they did not significantly limit her physical or mental ability to do basic work activities.  <u>See</u> 20 C.F.R. § 404.1520(c).  In support of her argument, claimant points to the following opinion letter from Clint Emmett, APRN:

> Mrs. Sherry Lizotte has been a patient in my office since October 2014.  She continues with her treatment as ordered and as appropriate, making great strides and progress.
>
> It is important to note that she suffers from a lifelong, remitting and exacerbating mental illness. She is actively engaged in care, therapy, and medication management.  Despite these things, she will continue to have <u>episodic flares</u> of this illness.  I wish to impress upon you the unpredictable nature of these exacerbations - they do not have a timetable and are typically not clearly defined.  I realize this is frustrating from a planning standpoint, but does speak to the difficulty if her diagnosis and the tenacity she has displayed in seeking help and care.
>
> She will continue to see me in this office for follow up and medication management as ordered.  I feel that she is doing well and is progressing in an appropriate manner, given the challenges imposed upon her by this illness.

Admin. Rec. at 263, Emmett Letter dated March 13, 2018 (emphasis supplied).  Claimant also points to "seven other medical reports [prepared by Mr. Emmett] at various other times."  Claimant's Memorandum at 12.  But, those reports are not a part of the

administrative record and, therefore, cannot be used to
undermine the ALJ's decision.[3]

In assessing whether claimant's mental impairments were
severe, the ALJ properly assessed her functional limitations in
four areas (known as the "paragraph B" criteria): (a)
understanding, remembering, or applying information; (b)
interacting with others; (c) concentrating, persisting, or
maintaining pace; and (d) adapting or managing oneself.  Admin.
Rec. at 16-17.  See generally 20 C.F.R. § 404.1520a(c)(3).  As
to each of those four areas of functioning, the ALJ sustainably
found – again, based upon the sparse evidence before him - that
claimant had no more than a "mild" limitation.  In support of
his conclusions, the ALJ relied upon, inter alia, the medical
opinions of Stephen Kleinman, MD.  See Admin. Rec. at 68.
Claimant has not pointed to record evidence of any other medical
care providers having assessed her functioning with respect to

---

[3]     Claimant also relies upon a letter from Emmett dated March
1, 2019 (i.e., after the ALJ issued his decision), that was
provided to the Appeals Council.  Claimant's Memorandum at 11.
Plainly, however, that evidence does not undermine the ALJ's
decision.  And, because claimant has neither shown good cause
for failing to obtain that evidence earlier, nor has she shown
that the Appeals Council gave "an egregiously mistaken ground"
for its decision to deny her appeal, it is not a basis for
remand.  See generally Mills v. Apfel, 244 F.3d 1 (1st Cir.
2001).

any of the paragraph B criteria.  Nor has she identified record evidence contradicting or even undermining the conclusions of Dr. Kleinman.

Based upon his conclusions regarding the paragraph B criteria, and consistent with the governing regulations, the ALJ concluded that claimant's mental impairments were not severe. Admin. Rec. at 17.  <u>See</u> 20 C.F.R. § 404.1520a(d)(1) ("If we rate the degrees of your limitation as "none" or "mild," we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.").  Those findings and conclusions are supported by substantial record evidence.

Finally, the court notes that the ALJ also concluded that "the medical evidence of record does not support the claimant having a severe impairment of 12 months duration since her alleged onset date."  Admin. Rec. at 15 (citing opinion of Dr. Kleinman, Admin. Rec. at 68).  That separate finding - that claimant's mental impairments did not meet the durational requirements of the Act - is an independent basis for concluding that claimant was not disabled.

### Conclusion

This case presents an unusual circumstance in which there may actually be fairly compelling evidence supportive of claimant's assertion that her mental impairments are "severe" and, perhaps, even disabling.  But, that evidence was not presented to the ALJ.  And, claimant cannot correct that shortcoming by presenting this court with evidence that was never submitted before.  Claimant (who is represented by counsel) has, however, filed a new application for benefits for the period beginning on March 4, 2019.  Presumably, in that application she will present the Commissioner with a more complete and compelling medical record.

In this case, however, the court is constrained to conclude that claimant has not carried her burden of proof.  This court is not empowered to consider claimant's application de novo, nor may it undertake an independent assessment of whether she is disabled under the Act.  Consequently, the issue before the court is not whether it believes claimant is disabled.  Rather, the permissible inquiry is "limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).  Provided the ALJ's findings are properly supported by substantial evidence - as they are in this case -

the court must sustain those findings even when there may also
be substantial evidence supporting the contrary position.  Such
is the nature of judicial review of disability benefit
determinations.  See, e.g., Tsarelka v. Secretary of Health &
Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must
uphold the [Commissioner's] conclusion, even if the record
arguably could justify a different conclusion, so long as it is
supported by substantial evidence."); Rodriguez v. Secretary of
Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981) ("We
must uphold the [Commissioner's] findings in this case if a
reasonable mind, reviewing the evidence in the record as a
whole, could accept it as adequate to support his conclusion.").


    Having carefully reviewed the evidence actually presented
to the ALJ, as well as arguments advanced by both the claimant
and the Commissioner, the court concludes that there is
substantial evidence in the record to support the ALJ's
determination that claimant was not disabled, as that term is
used in the Act, at any time prior to the date of his decision
(January 30, 2019).  The ALJ's determination that claimant's
medically determinable impairments are non-severe is well-
reasoned and supported by substantial evidence.

For the foregoing reasons, as well as those set forth in the Commissioner's legal memorandum, claimant's motion to reverse the decision of the Commissioner (document no. 4) is denied, and the Commissioner's motion for an order affirming his decision (document no. 7) is granted.  The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____

Steven J. McAuliffe
United States District Judge

October 23, 2020

cc:  David J. Strange, Esq.
     Daniel S. Tarabelli, Esq.